

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 20, 1989

Honorable Dale Hanna
Johnson County Attorney
First Floor, Courthouse
Cleburne, Texas    76031

Opinion No.  JM-1097

Re:  Whether Johnson County has the option of creating a county industrial commission instead of a board of development (RQ-1692)

Dear Mr. Hanna:

You ask three questions regarding the application of sections 381.001 and 381.002 of the Local Government Code to Johnson County.  Your questions are as follows:

> 1.  Does a County with a population census figure of 67,000 in 1980 have the option of forming a County Industrial Commission under Section 381.001 or is it required to form a Board of Development under Section 381.002?

> 2.  If Section 381.001 is available, can the County expend funds from the general fund to promote industrial development without an election pursuant to Section 381.002?

> 3.  If Section 381.002 is the exclusive choice, what options are available to a County, with a population census figure of 67,000 in 1980, as to appropriating funds for industrial growth and development?

Your questions are based on the law prior to its amendment by the 71st Legislature.  The adoption of Senate Bill 24, which amends section 381.002, Acts 1989, 71st Leg., ch. 1060, § 2, at 4306, has changed both the sense of your questions and the answers.[1]  Your questions numbered one and three indicate the population of Johnson County, and prior

---

1.  The effective date of Senate Bill 24 was August 28, 1989.

to the amendment the population was a significant consideration. However, the amendment deleted population brackets that had limited the application of section 381.002 to counties with a population of more than 50,000. We now conclude that any county may act under either of the sections.

First, we will examine the provisions of the two statutes about which you inquire. Section 381.001 allows the county judge of any county to appoint a County Industrial Commission to "investigate and undertake ways of promoting the prosperous development of business, industry, and commerce in the county." Local Gov't Code § 381.001(f). That section allows the county to "pay the necessary expenses of the commission." Id. § 381.001(e). The commission is required to cooperate with and use the services of the Texas Department of Commerce. Id. § 381.001(g), as amended by Acts 1987, 70th Leg., ch. 374, § 8(e), at 1871.

We will discuss section 381.002 as amended by Senate Bill 24, and our subsection citations will refer to the section as amended. Section 381.002 creates a board of development in all counties. Local Gov't Code § 381.002(b). The county commissioners court appoints the members of the board, which is required to "devote its time and effort to advertising and promoting the growth and development of the county." Id. § 381.002(b), (c). That section also allows counties to appropriate funds and to levy a tax for the purposes of the board but makes such appropriation or tax subject to a popular vote and sets a ceiling on the rate. Id. § 381.002(a). Subsection (g) recognizes that "a county may operate under another law authorizing the appropriation of money or levy of a tax for advertising and promotion purposes" but extends the appropriation and tax limitations established by subsection (a) to counties operating under another law. Id. § 381.002(g).

This office examined these two provisions prior to their inclusion in the Local Government Code. In Attorney General Opinion JM-516 (1986), we said:

> A county has authority to promote the development of businesses and industries in the county through a county industrial commission established under article 1581g-2, V.T.C.S. [now Local Gov't Code § 381.001], or through a board of development established under article 2352d, V.T.C.S. [now Local Gov't Code § 381.002].

Attorney General Opinion JM-516 (1986).

In that earlier opinion we did not discuss the population bracket that had limited the application of section 381.002 because it was not relevant. Now, with the 1989 amendment to section 381.002, the legislature has clearly indicated its intent that any county may operate under that section. Section 381.001, which allows the county judge of any county to appoint a county industrial commission, similarly applies to all counties. It is clear that any county may act under either section.

Your second question is whether a county acting under section 381.001 may expend funds from the general fund to promote development without an election. Section 381.001 does not require an election prior to the expenditure of funds, and it allows the county to pay the "necessary expenses" of the commission. Local Gov't Code § 381.001(e). We caution, however, as noted above, subsection (g) of section 381.002 extends the limit on appropriations found in subsection (a) ("an amount not to exceed five cents on the $100 assessed valuation") to counties operating under another law.

We need not answer your third question because we have concluded that Johnson County may operate under either of the two sections.

### S U M M A R Y

In order to create a county level agency and to appropriate county funds to promote development in Johnson County, the county may operate under either section 381.001 or section 381.002 of the Local Government Code. Any appropriation under either section may not exceed the ceiling established by section 381.002(a). If operating under section 381.002, any appropriation must be approved in advance by a majority vote of the county electorate.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General